STATE *v.* BARKER

Affirmed.

PARKER and VAUGHN, JJ., concur.

---

STATE OF NORTH CAROLINA v. HARRY LEE BARKER

No. 7017SC168

(Filed 27 May 1970)

1. **Criminal Law § 76— in-custody statement — testimony volunteered by officer stricken by court — necessity for voir dire**

   In this prosecution for larceny of a radio, the trial court did not err in failing to conduct a *voir dire* hearing to determine the voluntariness of defendant's in-custody statements when the arresting officer, while testifying for the State, volunteered the statement that defendant told him he had pawned the radio, where the court sustained defendant's objection to the testimony and instructed the jury not to consider it.

2. **Criminal Law § 76— evidence of in-custody statements — failure to object**

   Objection to testimony of defendant's in-custody statements cannot be raised for the first time on appeal.

APPEAL by defendant from *Godwin, J.*, 3 November 1969 Special Session, ROCKINGHAM Superior Court.

Defendant was charged in a warrant with nonfelonious breaking and entering and the nonfelonious larceny of a radio of a value of less than $20.00. He was tried in the Leaksville Township Recorder's Court (the District Court will be established in Rockingham County on the first Monday in December 1970. G.S. 7A-131.) and upon conviction of larceny he appealed to the Superior Court where he was tried *de novo* upon the charge of larceny.

The State's evidence tended to show the following: About 23 September 1969 defendant visited in the home of one Jim Cobb, and, while there, defendant asked Cobb to give him the table model radio. Cobb told defendant he could not do that. About a week later Cobb was away from home for a few days, and, when he returned, the radio was missing. On or about 1 October 1969 defendant sold Cobb's radio to one W. L. Thomasson.

Defendant's evidence tended to show the following: About 23 September 1969 while defendant was visiting in Cobb's home, Cobb asked defendant to take the table model radio and repair it. Defendant carried the radio away with him for the purpose of repairing it but did not have the money to buy the parts. On or about 1 October 1969 defendant pawned the radio to W. L. Thomasson for $2.00, and was going to get it back later to repair it and return it to Cobb.

From a verdict of guilty and judgment of confinement entered thereon defendant appealed.

*Attorney General Morgan, by Staff Attorney Magner, for the State.*

*Price, Osborne & Johnson, and Gwyn, Gwyn & Morgan, by Melzer A. Morgan, Jr., for defendant.*

BROCK, J.

**[1, 2]** Defendant assigns as error that the trial judge did not conduct a *voir dire* to determine the voluntariness of defendant's incustody statement to the arresting officer. While testifying for the State the arresting officer, in answer to a question as to when he arrested defendant, volunteered the statement that defendant told him he had pawned the radio to Mr. Thomasson. Upon objection by defendant, the trial judge sustained the objection and emphatically instructed the jury to disregard the latter part of the officer's testimony. Defendant's argument that the judge should have additionally conducted a *voir dire* in the absence of the jury is without merit; the objection had already been sustained and the testimony stricken.

It is true that later the officer was asked to relate, and did relate, what in-custody statements the defendant made; but no objection of any kind was made at trial, and the objection cannot be raised for the first time on appeal. Defendant is not entitled to sit silently at trial in hopes that the State's evidence will work to his advantage, and, upon finding that it did not, have the benefit of objecting to the evidence for the first time on appeal. The rule that objection to evidence must be timely interposed at trial is necessary for the proper administration of justice.

Defendant's remaining assignments of error relate to the charge and the failure of the trial court to grant judgment of nonsuit. We have carefully reviewed the charge in the light of the evidence and in our opinion it fairly and adequately complies with G.S. 1-180. A review of the evidence reveals that it is sufficient to require submission to the jury. In our view defendant had a fair trial, free from prejudicial error.

No error.

BRITT and HEDRICK, JJ., concur.